J-S56006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONNELL CORTHROY GREENE, | |
| Appellant | No. 81 MDA 2016 |

Appeal from the Order Entered November 30, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):
CP-38-CR-0000977-2011
CP-38-CR-0000980-2011

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 16, 2016**

Appellant, Donnell Corthroy Greene, appeals *pro se* from the post-conviction court's November 30, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court previously set forth the facts and procedural history of this case, as follows:

> On June 11, 2011, officers stopped Greene for speeding. Detecting marijuana, the officers requested Greene to step out of the vehicle. He complied, but when the officer walked back to his car, Greene re-entered his vehicle and fled at high speed. Losing control, [Greene's vehicle] entered the opposing lane of traffic and struck a pickup truck. Though he tried to flee on foot,

_____

[*] Former Justice specially assigned to the Superior Court.

Greene was apprehended. A subsequent search of his vehicle yielded over 53 grams of heroin and 344.4 grams of cocaine.

On or about August 9, 2011, Greene was charged with Possession with Intent to Deliver [] heroin and [] cocaine[,] and with Possession of [] cocaine and [] heroin. He was also charged with [] Aggravated Assault by Vehicle while Driving Under the Influence, [] Fleeing and Eluding, [] Reckless Endangerment, [] Resisting Arrest, [] causing an Accident Damaging Property, and [] Driving Under the Influence of a Controlled Substance. These two cases were consolidated, and Greene pled guilty to all ten counts. Via his written and verbal guilty pleas, Greene acknowledged that he understood his plea agreement and requested that [the trial court] accept and apply it. Finding that the plea was knowing and voluntary, [the trial court] accepted it and[, on November 9, 2011,] sentenced him to an aggregate of five and one-half to 14 years in a State Correctional Facility.

On June 17, 2014, Greene filed a boilerplate Petition for *Habeas Corpus* Relief based upon **Alleyne v. United States**, 133 S. Ct. 2151 (2013). His Petition was obviously prepared by someone else for an unrelated case. Greene filled in his name in various blanks without providing case-specific arguments. Since the Petition was difficult to understand, [the PCRA court] appointed Erin Zimmerer, Esq. ["Attorney Zimmerer"], to represent Greene and directed counsel to file an Amended [PCRA] Petition. [Attorney] Zimmerer explained to Greene that his [P]etition was meritless and not timely. According to Attorney Zimmerer's Motion [to Withdraw Greene's PCRA Petition,] … Greene stated that he understood this and understood that counsel would be withdrawing his Petition.

However, Greene, acting *pro se*, [filed a Motion to] reinstate[] his Petition on October 6th, [2014,] claiming that he understood only that [Attorney] Zimmerer was withdrawing from representation, but not that she would be withdrawing his [P]etition. Even if the [PCRA] does not apply, Greene argue[d], he should be afforded relief "under *habeas corpus* an[d] practices contrary to Federal law[, which] are not encumbered by time limits or procedural defaults…." …

On October 7[, 2014], [the PCRA court] entered an Order denying Greene's Motion to Reinstate, again noting that his Petition was both untimely and without merit. On October 29, [2014,] Greene[, *pro se*,] filed a Motion to Correct and/or Modify

Illegal Sentence[, which the PCRA court denied on November 4, 2014].

***Commonwealth v. Greene***, No. 2055 MDA 2014, unpublished memorandum at 1-3 (quoting PCRA Court Opinion, 1/5/15, at 3-5).

Greene filed a *pro se* appeal from the court's order denying his "Motion to Correct and/or Modify Illegal Sentence," and this Court ultimately reversed and remanded for further proceedings. ***See id.*** Specifically, we concluded that the PCRA court had erred by allowing Attorney Zimmerer to withdraw Appellant's PCRA petition, rather than directing her to file a petition to withdraw in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We also determined that the court should have treated either Greene's "Motion to Reinstate" his petition, or his "Motion to Correct and/or Modify Illegal Sentence," as a PCRA petition and appointed counsel, as Attorney Zimmerer's error of withdrawing Greene's initial PCRA petition effectively denied Greene his right to counsel in litigating his first PCRA petition. ***Greene***, No. 2055 MDA 2014, unpublished memorandum at 5. Accordingly, we reversed the PCRA court's order and remanded for further proceedings. ***Id.*** at 6.

On remand, the PCRA court appointed Richard Alan Raiders, Esq., to represent Greene. Attorney Raiders reviewed Greene's June 17, 2014 PCRA petition that was improperly withdrawn by Attorney Zimmerer, but Attorney Raiders found no merit to any of the claims raised therein. Accordingly, Attorney Raiders filed a ***Turner/Finley*** 'no-merit' letter and petition to

withdraw. On October 21, 2015, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss. Green filed a *pro se* response, but on November 30, 2015, the court dismissed Greene's PCRA petition without a hearing. Greene filed a timely, *pro se* notice of appeal.[1] He also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed a Rule 1925(a) opinion on February 1, 2016.

On appeal, Greene raises one issue for our review: "Whether because counsel failed to file a Post Sentence Motion to Reconsider the sentence, [Greene] is entitled to have his right to file Post Sentence Motions restored, and the PCRA court erred in failing to reinstate them?" Greene's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Greene's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address

---

[1] Upon receipt of Greene's *pro se* notice of appeal and review of the record, this Court discovered that the PCRA court had never entered an order ruling on Attorney Raiders' petition to withdraw. Consequently, we issued a *per curiam* order remanding for the PCRA court to resolve the status of Greene's representation. On March 10, 2016, we received an order from the PCRA court granting Attorney Raiders' petition to withdraw. Greene then filed a *pro se* brief.

- 4 -

the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267

(Pa. 2007). Under the PCRA, any petition for post-conviction relief, including

a second or subsequent one, must be filed within one year of the date the

judgment of sentence becomes final, unless one of the following exceptions

set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of

these exceptions "shall be filed within 60 days of the date the claim could

have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Greene was sentenced on November 9, 2011, and he did not file

a direct appeal; thus, his judgment of sentence became final on December

9, 2011. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating judgment of sentence

becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).  Consequently, Greene had until December 9, 2012, to file a timely petition, making the petition filed on June 17, 2014 (which this Court seemingly reinstated in our prior decision in *Greene*) patently untimely.  For this Court to have jurisdiction to review the merits thereof, Greene must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Greene makes no argument pertaining to any of the above-stated timeliness exceptions.  Instead, he argues only that his trial counsel was ineffective for not filing a post-sentence motion for reconsideration of his sentence.  "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."  *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).  Moreover, even if Greene's ineffectiveness claim could meet an exception, he clearly could not satisfy the 60-day requirement of section 9545(b)(2), as Greene's counsel failed to file a post-sentence motion in 2011, yet Greene did not challenge this omission by counsel until 2014.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2016